MATTER OF C——T——H——

In DEPORTATION Proceedings

A-4355955

*Decided by Board August 11, 1958*

Evidence—Admissibility of report of neighborhood investigation where maker of derogatory statement is unavailable to appear at hearing.

Unavailability at hearing of person who made derogatory statement contained in Service report of neighborhood investigation may affect probative value but does not bar admissibility of report in evidence on issue of discretionary relief.

CHARGE:

Order: Act of 1952—Section 241(a)(2)—Remained in the United States longer than permitted.

## BEFORE THE BOARD

**Discussion:** On April 21, 1958, following hearing under order to show cause served August 30, 1957, a special inquiry officer entered an order granting suspension of deportation to the respondent pursuant to section 244(a)(1) of the Immigration and Nationality Act, and certified the case to the Regional Commissioner, Northeast Region, for review. On May 23, 1958, the Acting Regional Commissioner certified the case to this Board pursuant to 8 CFR 6.1(c), with the following memorandum:

I do not agree with the finding that suspension of deportation should be granted. The alien has no one dependent upon him for support in the United States with the possible exception of an illegitimate child. His age and length of residence do not in my opinion justify a finding that deportation would result in exceptional and extremely unusual hardship. The conduct of his personal life falls far short of the standards expected in our society. The application should be denied as a matter of administrative discretion.

Oral argument has been presented by counsel for respondent in which it is urged that under all of the facts and circumstances in the case the testimony of the respondent, which it is alleged is truthful, should be believed and that maximum relief should be granted. Service counsel sets forth that insufficient evidence has been placed in the record for the purpose of determining the respondent's eligibility for the relief he seeks. It is emphasized that

the burden is upon the respondent to establish that he meets the requirements.

First, the exceptions of the Regional Commissioner state that the statutory requirements have not all been met. That issue must be resolved first. A brief summary of the pertinent facts will be set forth.

Respondent is a 56-year-old native and citizen of China, who has lived in the United States continuously since his arrival at the port of Houston, Texas, in the month of April 1938 as a crewman, intending to reship. Deportability is not contested.

Respondent was married in China and his spouse died in that country in 1941. He has testified that he has a son, C——C——, who is living in Shanghai, China. He admits that he is the father of a daughter, now age 13 years, born out of wedlock as a result of a relationship with one E—— de R—— with whom he had intimate relations between 1943 and 1946. The child was born in the United States on May 7, 1944, and her name is E——C——. The record fails to show that the child has been legitimated. However, the respondent acknowledges that she is his child. He testified that he has been voluntarily contributing about $300.00 per year to her support from 1944 to the first part of 1958. There is no corroboration of this testimony. He alleges that at the present time the child lives with her grandmother and that he does not know the whereabouts of her mother, E—— de R——. Respondent is employed as a butler earning $150.00 per month and has listed the value of his assets at $1,750.00. It is conceded that he has been physically present in the United States for a period of 7 years and that he has no criminal record. He has no connection with subversive groups. The respondent has lived in the United States for a period of 20 years. He has been absent from his native country over a long period of time during which the economic situation in China has changed, and, in view of his present age, he would experience an exceptional and extremely unusual hardship should he be deported.

The special inquiry officer, who has heard the testimony, has found, after weighing and evaluating the evidence, that the respondent has established good moral character for a period of 7 years. Service counsel, although not urging that the respondent has failed to meet all of the statutory requirements for suspension of deportation, complains that the special inquiry officer did not consider all of the available evidence. He contends that the record in this case should not only contain a complete report of character investigation but that all information adverse to the respondent should be clarified by testimony or other evidence and should be considered in reaching a decision in the case. A report of character investigation relating to this alien has been identified for the record as exhibit 7.

That report, required for the consideration of an application for maximum relief, was not received in evidence by the special inquiry officer because such report contained some information derogatory to the respondent and the person who had given the adverse information was not available for cross-examination. The report also contained information favorable to the alien (exhibit 7).

The question to be resolved here is one of discretion. We hold that exhibit 7 is relevant to the issue of discretion and is admissible for consideration in resolving that issue. Some of the evidentiary data therein, namely, a sworn statement made by a person who has not co-operated with the Service and who is unavailable to testify, must, of course, be considered and weighed and its probative value under the circumstances must be determined. Concisely, the respondent has been interrogated at length and he has denied the allegations adverse to his moral character. The special inquiry officer should determine whether his testimony is credible.

In conclusion, we find that the special inquiry officer should have received exhibit 7 into evidence, and he should have weighed and evaluated the probative value of such evidence (in the light of the circumstances under which it was given) in reaching his decision on the issue of administrative discretion. We will remand the case for further hearing in accordance with the foregoing.

**Order:** It is ordered that the order entered by the special inquiry officer in this case be withdrawn and that the proceedings be reopened for further hearing and consideration in accordance with the foregoing.